# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Case No. 19-CR-00779 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **ANTONIO WOODS,** | |
| **Defendant.** | **MEMORANDUM OPINION AND ORDER** |

This matter is before the Court on Defendant Antonio Woods' Motion to Restructure Sentences Under § 3584 and U.S.S.G. §5G1.3 filed on June 28, 2021 ("Defendant's Motion"). (Doc. No. 28.) On July 7, 2021, the United States of America filed the Government's Response In Opposition to Defendant's Motion ("the Government's Response"). (Doc. No. 30.)

On September 23, 2020, Defendant plead guilty to one count of Felon in Possession of Firearm in violation of 18 U.S.C, §§ 922(g)(1) and 924(a)(2), and was sentenced to 70 months of imprisonment followed by three years of supervised release. (Doc. No. 26.) The Court indicated that Defendant should receive credit for time served in federal custody. (*Id.*)

In Defendant's Motion, Defendant indicates that the BOP will not credit him for time served between October 18, 2019 when he was arrested by the Cleveland Police[1] and January 24, 2020 when he was taken into federal custody and appeared for an initial appearance. (Doc. No.

---

[1] On October 21, 2019, Defendant was released on a personal bond and on December 20, 2019, or after a federal grand jury returned an indictment charging Defendant with Felon in Possession of a Firearm, the State charges relating to the same offense were dismissed. (Doc. No. 30-1, PageID # 221.)

28, PageID # 193; Doc. No. 22 (PSR), PageID # 139.) At the time that Defendant was taken into federal custody, he was serving a term of imprisonment for his violation of post-release control associated with his conviction for drug trafficking in Cuyahoga County Court of Common Pleas, Case Number CR-18-628265, specifically from December 3, 2019 to April 17, 2020. (Doc. No. 30, PageID # 219, n 1.) Defendant seeks to have this Court's sentence deemed concurrent in full or, failing to satisfy the FBOP calculations, a reduction of the federal sentence by an amount equal to the served state sentence. (Doc. No. 28, PageID # 191.)

As stated above, at sentencing this Court stated that Defendant would be granted credit for time served relative to the federal case. This Court's judgment was silent with respect to whether the sentence imposed would be served consecutive or concurrent to Defendant's state sentence, rendering it consecutive. See 18 U.S.C. § 3584(a) ("Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."). Defendant now asks this Court to restructure his federal sentence such that the time he spent in state custody for his violation of post release control be absorbed into the present sentence. The Court is not aware of any authority permitting the Court to do so, particularly over nine months after the sentence was imposed.

Indeed, Defendant also asserts that U.S.S.G. § 5G1.3 grants this Court the authority to do so. He is mistaken. U.S.S.G. § 5G1.3 does permit a sentencing court to impose a sentence to run either consecutively or concurrently to an undischarged term of imprisonment, it is to be applied at sentencing and not over nine months after a sentence has been imposed.

Accordingly, Defendant's Motion is DENIED.

**IT IS SO ORDERED.**

Date: July 13, 2021

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE